## SAMUEL P. P. FAY, Judge, &c. vs. BENJAMIN PHIPPS.

A testator made this bequest: "I give and bequeath to T., in trust, forty shares in B. H. Bank, and I hereby appoint my executors trustees of this bequest:" He also bequeathed to his executors forty shares in the same bank, in trust, for the support of G., said shares, in case of G's. death, to be paid to or accounted for with the testator's residuary legatees: He appointed residuary legatees, but made no gift over, in terms, of the bank shares bequeathed to T. *Held,* that the trust, as to the shares bequeathed to T., terminated on the death of T., and that his administrator was entitled to the trust property whi·h emained in the trustee's hands at the time of his death.

DEBT on a bond given by the defendant to the judge of probate. The recital in the bond was, that Timothy Walker, late of Charlestown, by his last will, which had been duly proved and allowed, bequeathed certain property in trust for his grandson, Timothy Walker, and appointed three persons. (named) trustees of said property, who declined the trust, whereupon the defendant was appointed, by the judge of probate, trustee in their stead; and the condition of the bond was, that the defendant should make and return a true inventory of said trust property; should dispose of and manage the same, and faithfully discharge his trust in relation thereto, according to law and the said will; should render an account on oath of said property in his hands, and of the management and disposition thereof; and, at the expiration or termination of said trust, should settle his accounts with the judge of probate, "and pay and deliver over all the estate and effects remaining in his hands, or due from him, on such settlement, to the person or persons entitled thereto according to law and the will of the testator."

The case was submitted to the court on the following statement of facts: The will of Timothy Walker, as originally executed on the 18th of August 1836, contained these clauses:

"To my grandson, Timothy Walker, I give and devise, to him and his heirs, the land, wharf, and all the buildings on the same, being the same premises I bought of John Lowell, and now occupied by Asa Flanders and others, numbered one hundred and eighty five. I further give and bequeath to my

29 *

said grandson, Timothy Walker, ten shares in the City Bank at Boston, and fifteen shares in the Neptune Insurance Company at Boston."

" I give and bequeath, in trust, to the trustees hereinafter mentioned, forty shares in the Bunker Hill Bank, for the support of my son George ; said forty shares, in case of the decease of said George, to be paid by the trustees or accounted for with my residuary legatees.

" And . I, hereby giving and bequeathing, make all the grandchildren of mine that may be born and living at the time of my decease my residuary legatees."

A codicil, executed by the testator on the 17th of June 1837, contained the following clause : " I do hereby revoke the devise of real estate and the bequest of ten bank shares, and the fifteen shares in the Neptune Insurance Company, which I devised and bequeathed to my grandson Timothy, and instead thereof I hereby give and bequeath him, in trust, forty shares in the Bunker Hill Bank ; and I hereby appoint my executors trustees of said bequest."

By another codicil, executed by the testator on the 20th of July 1837, he revoked that part of his will in which he had made his said grandson Timothy a residuary legatee.

The defendant returned an inventory of the trust property, according to the condition of the bond declared on, the amount of which was $4400.

Timothy Walker, grandson of the aforesaid testator, deceased in the year 1844, and the defendant, on the 18th of February 1845, settled his account, as trustee of said Timothy, in the probate office, and there was in his hands, on that day, a balance of the trust property, amounting to $4420·89 ; which sum was duly demanded of the defendant, before the commencement of this action, by Sidney Willard, who was duly appointed administrator of the estate of Timothy Walker, grandson of the aforesaid testator, and is still such administrator. The defendant refused, at the time of said demand on him, to pay said sum of $4420·89 to said Willard, and still refuses ; alleging that said Willard, administrator as aforesaid,

is not "the person entitled thereto, according to law and the will of the testator."

*Livermore*, for the plaintiff.

*A. W. Austin*, for the defendant.

SHAW, C. J. The condition of the bond is, that at the expiration or termination of the trust, the defendant shall settle his accounts, &c. and pay over all that is due from him, at such settlement, to the person or persons who shall be entitled thereto. The question for the opinion of the court is, whether the decease of Timothy Walker, the grandson, was a termination of the trust, and whether his administrator is the person entitled to recover the trust fund.

This clause in the will must have a reasonable construction. It was plainly not a gift to the trustees, to their own use, after the decease of the grandson ; and if it were, it would not be a gift to this trustee, who is an officer appointed by the probate court. There is no gift over in terms, and we think there is none by implication, to the residuary legatees. In terms the property is given to the grandson, to be held in trust. In another case, the testator gives property to his trustees, for the support of a son, during his life, with a direction to them, at his decease to pay it over to his residuary legatees. This indicates that he had the distinction in his mind, and that when he intended a gift over, he expressed it in terms. Besides ; in the clause in question, he does not restrict the benefit intended for his grandson to the income ; but the whole was to him, though to be held in trust. Whether the trustee should appropriate more than the income to the use of the grandson himself, in case of sickness or otherwise, is not now in question. He did not.

It appears to the court that the equitable title to the legacy vested in the grandson ; that the trust was not intended to be perpetual, and would not extend beyond the life of the *cestui que trust;* and that, at his decease, in the absence of any gift over, or other disposition, it goes to the personal representative of such equitable legatee.

*Judgment for the plaintiff.*